UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WAYNE JENNINGS, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | |
| v. | Civil Action<br>No. 23-02027 (KMW-SAK) |
| STATE OF NEW JERSEY, *et al.*, | |
| Defendant. | MEMORANDUM OPINION AND<br>ORDER |

This matter comes before the Court *sua sponte* in connection with the Amended

Complaint and Application to Proceed *In Forma Pauperis* of Plaintiff Wayne Jennings. (ECF

Nos. 5,6). Having previously reviewed the Application where the Court found that leave to

proceed *in forma pauperis* was warranted in this matter, the Court is required to screen the

Complaint pursuant to 28 U.S.C. §1915(e)(2)(B), and dismiss any claim that is frivolous,

malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant.

For the reasons set forth below, Plaintiffs' Complaint is dismissed for failing to state a claim

upon which relief can be granted.

  1)  Plaintiff, proceeding *pro se*, brings this action against Defendants State of New

Jersey,[1] the Camden County Prosecutor's Office and a "John Doe" Prosecutor alleging what the

Court construes to be a §1983 claim and unspecified constitutional violations. Plaintiff alleges

that his constitutional rights were violated when he was "confined beyond his release date"

because his Federal sentence was applied consecutively to his State sentence. ECF No. 5 at 3.

---

[1] Eleventh Amendment immunity bars claims against the State of New Jersey. *See Brady v. Office of the Cty. Prosecutor*, No. 19-16348, 2020 WL 5088634 at *3 (D.N.J. Aug. 28, 2020) ("[t]he Eleventh Amendment protects non-consenting states from suits brought in federal court by private citizens seeking money damages.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); U.S. CONST. amend. XI); *see also Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194-95 (3d Cir. 2008); *Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (affirming dismissal of § 1983 claims against the State of New Jersey and the Office of the Attorney General based on Eleventh Amendment immunity).

1

Plaintiff alleges that he served this additional time because he specifically waived his rights pursuant to the plea bargain as agreed to with the State. ECF No. 5 at ¶D.; ¶IV-V. Plaintiff further alleges that the State of New Jersey "reneged" on the plea agreement when it refused to "enforce" the plea agreement and release him at the time agreed to in the State plea agreement. (*Id.*). Based on his submissions, it appears Plaintiff is no longer incarcerated.[2]

2)      Plaintiff is essentially asserting that the application of his federal sentence violated the terms of his State plea bargain agreement, causing him to endure confinement for a longer period of time than he agreed to. The exclusive federal remedy to challenge either the fact or length of confinement is a petition for a writ of habeas corpus which is only available to inmates who are currently confined and requires the exhaustion of all State court remedies. *See Lehmann v. Atl. County Prosecutors Office*, No. 07-5263, 2008 U.S. Dist. LEXIS 17223 at *6-7 (D.N.J. Mar. 5, 2008) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a §1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.") (internal citations and quotations omitted).

3)      Moreover, there are limited avenues for a person who is no longer incarcerated to challenge the legitimacy of their sentence. One avenue is by way of writ of error coram nobis which is an extraordinary remedy that is extremely limited and only available for those challenging a federal conviction. *See United States v. De Castro*, 49 F.4th 836, 842 (3d Cir. 2022) (citing *United States v. Denedo*, 556 U.S. 904, 911 (2009); *Ragbir v. United States*, 950

---

[2] The Court notes that Plaintiff's return address on the docket appears to be a private residence.

F.3d 54, 60 (3d Cir. 2020)). It does not appear that Plaintiff seeks to challenge his federal conviction rather it appears Plaintiff seeks to challenge the terms of his State plea agreement and/or his State sentence. Indeed, if Plaintiff is no longer incarcerated and wishes to challenge his State sentence, the proper avenue for relief would be in the State courts.

4)      To the extent that Plaintiff seeks monetary relief for his alleged improper confinement, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of is sentence. "Where success in a plaintiff's §1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under §1983 the underlying decision to confine him." *Lehmann*, 2008 U.S. Dist. LEXIS 17223 at *7-8 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004)).

5)      For example, if a prosecutor promised to recommend a minimum sentence within the applicable standard guideline range, but at sentencing the prosecutor did not mention a minimum sentence, rather argued for a lengthy term of incarceration, the Third Circuit has held that federal law does not allow a prosecutor to unilaterally repudiate such a promise. *See Dunn v. Colleran*, 247 F.3d 450 (3d Cir. 2001). However, even when such conduct occurs, such a claim cannot proceed as a civil rights matter unless and until a plaintiff has had his or her conviction invalidated or overturned via state court proceedings or a habeas proceeding. *See Heck*, 512 U.S. at 486-87; *Wilkinson*, 544 U.S. at 81-82.

6)      Consequently, because the Amended Complaint is silent as to: (1) the details of Plaintiff's State plea agreement and sentence, (2) whether Plaintiff has exhausted his State remedies, and (3) whether Plaintiff's underlying sentence has been invalidated in the State courts

or called into question by the issuance of a writ of habeas corpus, and because it appears that Plaintiff has been released from custody, the Amended Complaint does not state a claim upon which relief can be granted. Thus, Plaintiff's Amended Complaint is dismissed with prejudice.

**IT IS THEREFORE** on this 17th day of July 2023,

**ORDERED** that Plaintiff's Amended Complaint (ECF No. 5) is **DENIED WITH PREJUDICE**; and

**FURTHER ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail; and

**FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** the case.

Hon. Karen M. Williams,
United States District Judge